14 N.J. Super. 587 (1951)
82 A.2d 491
IN THE MATTER OF THE ADOPTION OF ROBERT HENRY SCHULT, A MINOR.
Superior Court of New Jersey, Hudson County Court Probate Division.
Decided July 12, 1951.
*588 Mr. Irving Mandelbaum, attorney for the plaintiffs.
Mr. Joseph Feinman, attorney for the natural mother.
ZIEGENER, J.C.C.
Robert Henry Schult, a minor, was born to Theodore H. Schult and Helen J. Schult on March 30, 1949, at which time the parents were not living together. On June 3, 1950, the mother gave the child into the temporary custody of the father to arrange to board the child until a divorce was obtained, at which time it was to be decided who would have permanent custody of the child. In addition, the mother signed a paper waiving the weekly payments of $25 which her husband had been ordered to pay her in separate maintenance, with the proviso that said payments would be used to support the infant. The husband arranged with the plaintiffs herein, Mr. and Mrs. Henke, to board the child at their home, and on January 20, 1951, the mother went to the Henke home for the child and took him with her to the home of her sister. The infant cried constantly and would not eat or drink, so a few days later the mother arranged to return the child to the plaintiffs' home. The latter then indicated their desire to adopt the infant and had made an appointment with their attorney to discuss the matter. The natural mother visited said attorney and he explained all of the requirements of the law and the proceedings to be followed, and she agreed to sign a consent the following week. In the meantime, the mother and father went for an automobile ride to discuss the matter, and, according to the mother, she requested him to return and live with her so they could *589 properly care for and maintain the child, as she did not want her son to be adopted, and he refused. The father became excited and started to drive faster atop the Palisades, along the Hudson River, and she became frightened, told him to calm down, and she would let things go as they were. A few days later she signed the required consent at the office of plaintiffs' attorney and everything was again explained to her in detail. It is apparent that the attorney conducted himself in a manner that is a credit to the profession.
Now, plaintiffs have filed a complaint for adoption of the child, and the natural mother has filed a formal withdrawal of consent and desires the child be returned to her, and plaintiffs contend the statutory requirements have been met and the adoption should be approved.
Ordinarily, where the consent of a natural parent is required by statute, and is not presented in an adoption proceeding, the court is without jurisdiction and cannot hear the matter. However, where a consent is given, and the statutory requirements are met, the court acquires jurisdiction to bring the matter to a conclusion, that is, to grant or deny the application for adoption.
There is no question that the court, in an adoption proceeding, is vitally interested in the future welfare of the child, and it is particularly for that reason that judicial approval is required before an adoption can become effective. In this case it has been shown beyond any doubt that the plaintiffs are capable, conscientious, of fine character, and maintain a fine home and would make excellent parents. However, I must recognize the right of the natural mother to object to the adoption of her child which would sever the mother and child relationship. Our statutes on adoption do not mention the withdrawal of parental consent prior to judicial action, but in other jurisdictions it has been held that a natural mother can withdraw her consent to adoption if her change of mind and demand for the return of her child are timely. See In re Burke's Adoption, 60 N.Y.S.2d 421 (Surr. Ct. 1946).
*590 I feel that where the law provides that parental consent is an essential prerequisite in adoption, it means the intelligent, deliberate and voluntary consent of the parent, in this case the mother, and such consent must continue up until the actual judicial approval of the adoption. Any change of mind by the parent, in the interim, must be resolved in favor of the parent.
Therefore, I will deny the application for adoption, without costs, and order the return of the minor child to its natural mother.